IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M. RAPER, JR.                                                                                          PLAINTIFF

v.                                              Civil No. 4:22-cv-04022

TINA MAXWELL, Former Warden,
Southwest Arkansas Community Correction
Center; and J. MINORS, Warden, Southwest
Arkansas Community Correction Center                                                        DEFENDANTS

**ORDER**

Plaintiff, James M. Raper, Jr., filed this 42 U.S.C. § 1983 action *pro se* on March 1, 2022. (ECF No. 1). With his complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). However, Plaintiff failed to submit a completed certificate of account with his IFP application. The issue before the Court is Plaintiff's failure to comply with Court orders.

On March 1, 2022, the Court ordered Plaintiff either to file a completed IFP application by March 18, 2022, or to pay the $350 filing fee and $52 administrative fee. (ECF No. 3). The order informed Plaintiff that failure to comply would result in the case being dismissed without prejudice. Plaintiff has not responded to the order directing him to file a completed IFP application, and the order has not been returned as undeliverable.

On March 22, 2022, the Court entered an order directing Plaintiff to show cause by April 12, 2022, as to why he failed to comply with the Court's order directing him to file a completed IFP application. (ECF No. 5). This order also informed Plaintiff that failure to comply would result in this case being dismissed. On April 7, 2022, this order was returned to the Court as undeliverable. (ECF No. 6). On April 26, 2022, the Court changed Plaintiff's address in accordance with a notice Plaintiff filed in Case No. 4:22-cv-4001.

On June 15, 2022, the Court entered another order directing Plaintiff to show cause by July 6, 2022, as to why he failed to file a completed IFP application or pay the filing fee. (ECF No. 10). This

second show cause order was sent to Plaintiff's new address. This order also informed Plaintiff that failure to comply would result in this case being dismissed. To date, Plaintiff has not responded to the order, and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 22nd day of July, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge